(79 Misc. Rep. 408.)

UNION TRANSFER & STORAGE CO. v. WESTCOTT EXPRESS CO.

(Supreme Court, Appellate Term, First Department. February 11, 1913.)

1. MUNICIPAL CORPORATIONS (§ 706*)—FRIGHTENING HORSE—ISSUES, PROOF, AND VARIANCE.

   Where the complaint alleged negligent operation of an automobile in a noisy manner, so as to frighten plaintiff's horse, and averred that the chauffeur failed to stop on signal from the driver, and plaintiff, without objection, showed a cause of action under Laws 1910, c. 374, § 286, making it the duty of a chauffeur to stop on signal from a driver of horses, a motion to dismiss, on the ground that no unusual noise had been proved, did not raise the question of a variance between the pleadings and the proof, and must be denied.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—OPERATION OF AUTOMOBILES—VIOLATION OF STATUTES.

   Where an operator of an automobile failed, as alleged in the complaint, to stop on signal from a driver of a horse, in violation of Laws 1910, c. 374, § 286, and thereby caused the horse to become frightened and fall into a ditch, a recovery will not be disturbed merely because of want of evidence of unusual noise in the operation of the automobile, as also alleged in the complaint.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—OPERATION OF AUTOMOBILES—VIOLATION OF STATUTES—"NEGLIGENCE."

   The failure of a chauffeur to stop his automobile on signal from a driver of horses, in violation of Laws 1910, c. 374, § 286, is "negligence."

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*

   For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Union Transfer & Storage Company against the Westcott Express Company. From an order of the Municipal Court setting aside a verdict for plaintiff, and from a judgment dismissing the complaint, plaintiff appeals. Order reversed, and verdict reinstated.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Frank C. Mebane, of New York City (Atkins B. Cunningham, of New York City, of counsel), for appellant.

Carter, Ledyard & Milburn, of New York City (Edwin D. Bechtel, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J.   This complaint alleges a cause of action for negligence of the defendant's servant in operating an automobile so noisily, and in failing to stop the motor on signal, that a horse belonging to the plaintiff became frightened and fell into a ditch.   The evidence upon which the plaintiff relied was that the defendant's motor truck and the plaintiff's van, drawn by four horses, were approaching one another from opposite directions on a street which had a deep trench running along one side.   The plaintiff's driver testified that he signaled the defendant's chauffeur to stop; but the automobile continued, and ran up beside the van with great noise, which frightened one of the leading horses, that shied against the other leader, causing it to fall into the trench, and also that the chauffeur failed to stop the motor upon request.

At the close of the plaintiff's case, the defendant's attorney moved to dismiss the complaint, upon the ground that there was no proof of any unusual characteristic in the automobile, or that it made any unusual noise.   The plaintiff's attorney conceded that such proof might be essential to show negligence at common law, but that he relied upon chapter 374 of the Laws of 1910, section 286 of which made it the duty of the chauffeur to stop upon signal from a driver of horses.   The trial justice reserved decision upon the motion to dismiss.   The defendant then put in evidence contradicting the plaintiff's story, and the case was then submitted to the jury by consent, subject to the decision of the court upon the motion to dismiss.   The jury returned a verdict for the plaintiff, whereupon the defendant's attorney moved to set aside the verdict.   Decision was also reserved upon this motion.   Later the court set aside the verdict and directed judgment dismissing the complaint, from which this appeal is taken.

[1] In dismissing the complaint we are of the opinion that the trial court was in error.   It is true that the complaint contained allegations that the automobile was run in a noisy manner, but there was also an allegation that the chauffeur failed to stop on signal from the driver.   Without objection the plaintiff was allowed to give evidence of a cause of action under the Highway Law (Consol. Laws 1909, c. 25) as amended in 1910 (Laws 1910, c. 374).   The motion to dismiss, on the ground that no unusual noise to cause fright to the horse had been proved, did not specifically raise the question of a variance between the pleadings and proof, and therefore, if there was evidence to support any cause of action, the motion should have been denied. Belknap v. Sealey, 14 N. Y. 143, 67 Am. Dec. 120.

[2] There was a question of fact for the jury as to whether the defendant had violated the duty imposed upon it by the Highway Law. This was decided in favor of the plaintiff by the jury.   Their verdict was set aside by the court as against the weight of evidence.   In this the court erred.   Although it was conceded that no unusual noise was made by the automobile, there was sufficient evidence to sustain the verdict, if the jury believed the plaintiff's witnesses upon the theory upon which the case was tried.

[3] The violation of the duty imposed by statute, by the chauffeur's failure to stop upon signal, was negligence.

The order setting aside the verdict should be reversed, with costs, and the verdict reinstated, with costs.   All concur.